**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ELISABETH PAUL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C.A. NO. 4:17-CV-00599-ALM-CAN** |
| | ) | |
| **CISCO SYSTEMS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**DEFENDANT CISCO SYSTEMS, INC.'S MOTION TO DISMISS PLAINTIFF
ELISABETH PAUL'S ORIGINAL COMPLAINT AND BRIEF IN SUPPORT**

Earl M. (Chip) Jones, III
Texas State Bar No. 00790982
ejones@littler.com
Victoria Nsikak
Texas State Bar No. 24077487
vnsikak@littler.com

LITTLER MENDELSON
A Professional Corporation
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201-2931
(214) 880-8100
(214) 880-0181 (Facsimile)

ATTORNEYS FOR RESPONDENT
CISCO SYSTEMS, INC.

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

I.  INTRODUCTION ...................................................................................................... 1

II.  FACTUAL BACKGROUND ..................................................................................... 2

III.  ARGUMENT AND AUTHORITIES ........................................................................ 4

    A.  Standard of Review........................................................................................ 4

    B.  Plaintiff's Fails To Allege That She Participated In A Protected Activity Because She Does Not Allege  Her Complaint Definitely Or Specifically Relates To A Securities Law Violation, Or That She Reasonably Believed A Securities Law Violation Occurred ................................................................... 5

        1.  Plaintiff Has Not Plead An SEC Rules Violation Claim .......................... 7

        2.  Plaintiff Has Not Plead A Mail Or Wire Fraud Claim............................ 10

    C.  Plaintiff Has Not Alleged Cisco Knew She Engaged in a Protected Activity ........................................................................................................ 11

IV.  CONCLUSION........................................................................................................ 14

V.  PRAYER .................................................................................................................. 14

CERTIFICATE OF SERVICE ......................................................................................... 16

## TABLE OF AUTHORITIES

PAGE

**Cases**

*Allen v. Admin. Rev. Bd.*,
  514 F.3d 468 (5th Cir. 2008) ...................................................................5, 6, 8, 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .......................................................................................4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .......................................................................................4

*Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*,
  561 F.3d 377 (5th Cir. 2009) .........................................................................4

*Byers v. Dallas Morning News, Inc.*,
  209 F.3d 419 (5th Cir. 2000) .........................................................................7

*Crane v. Lithia TO, Inc.*,
  MO-13-CV-016, 2014 WL 11600907 (W.D. Tex. Sept. 3, 2014), aff'd, 612
  Fed. Appx. 243 (5th Cir. 2015)............................................................. *passim*

*Day v. Staples Inc.*,
  555 F3d 42 (1st Cir. 2009)..................................................................9, 10, 13

*Getman v. Admin. Rev. Bd.*,
  No. 07-60509, 2008 WL 400232 (5th Cir. Feb. 13, 2008) ...........................13

*Henrich v. Ecolab*,
  ARB Case No. 05-030, 2006 WL 6583249 (June 29, 2006)........................12

*Highland Capital Management, L.P. v. Bank of America, N.A.*,
  698 F.3d 202 (5th Cir. 2012) .........................................................................4

*Marshall v. Northrup Gruman Synoptics*,
  ALJ Case No.2005–SOX–8, 2005 WL 4889013 (ALJ June 22, 2005)..................10

*Nielsen v. AECOM Tech. Corp.*,
  762 F.3d 214 (2d Cir. 2014)...........................................................................9

*Platone v. FLYI, Inc.*,
  ARB Case No. 04–154, 2006 WL 3246910 (ARB Sept. 29, 2006) .................10, 12

## TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

*R2 Invs. LDC v. Phillips*,
   401 F.3d 638 (5th Cir. 2005) ...............................................................8

*Reddy v. Medquist, Inc.*,
   2004–SOX-00035, 3-4 (ALJ June 10, 2004), aff'd, ARB Case No. 04-123,
   2005 WL 4889002 (Sept. 30, 2005).....................................................10

*Schmuck v. United State*s,
   489 U.S. 705 (1989)............................................................................11

*Smith v. Ayres*,
   845 F.2d 1360 (5th Cir. 1988) .............................................................10

*Stoneridge Inv. Partners, LLC v. Scientific–Atlanta, Inc.*,
   552 U.S. 148 (2008)..............................................................................8

*Sylvester v. Parexel Int'l, LLC*,
   ARB Case No. 07-123 (May 25, 2011) ..................................................6

*United States v. Davis*,
   752 F.2d 963 (5th Cir. 1985) ...............................................................10

*United States v. Ingles*,
   445 F.3d 830 (5th Cir. 2006) ...............................................................10

*Vodopia v. Koninklijke Philips Elecs.*,
   No. 09-4767-cv, 2010 WL 4186469 (2d Cir. Oct. 25, 2010) .................13

*Wallace v. Tesoro Corp.*,
   796 F.3d 468 (5th Cir. 2015) .............................................................6, 8

*Welch v. Cardinal Bankshares Corp.*,
   ARB Case No. 05–064, 2007 WL 1578493 (ARB May 31, 2007) ...........10, 12, 13

**Statutes**

15 U.S.C. § 78m(b)(2)(A).............................................................................8

Securities Exchange Act §§ 13(b)(2)(A) and 13(b)(2)(B)......................................3, 7, 8

Sarbanes-Oxley Act of 2002 ................................................................... *passim*

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE

**Other Authorities**

Federal Rule of Civil Procedure 8(a)(2) .........................................................................4

Federal Rule of Civil Procedure 12(b)(6) .......................................................1, 2, 4, 14

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **ELISABETH PAUL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C.A. NO. 4:17-CV-00599-ALM-CAN** |
| | ) | |
| **CISCO SYSTEMS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### DEFENDANT CISCO SYSTEMS, INC.'S MOTION TO DISMISS PLAINTIFF ELISABETH PAUL'S ORIGINAL COMPLAINT AND BRIEF IN SUPPORT

Defendant Cisco Systems, Inc. ("Defendant" or "Cisco") files this Motion to Dismiss Plaintiff's Original Complaint and Jury Demand and Brief in Support pursuant to Federal Rule of Civil Procedure 12(b)(6), and respectfully shows the Court as follows:

**I.**
**INTRODUCTION**

Plaintiff's Complaint proposes a single count:  retaliation under the Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley" or "SOX").  However, even under Plaintiff's conclusory set of facts, Plaintiff's Complaint fails to establish a *prima facie* for SOX retaliation for at least two reasons. First, Plaintiff's Complaint fails to allege she participated in a protected activity under Fifth Circuit precedent, as Plaintiff has not alleged a violation that "definitely or specifically" relates to SOX or a securities law violation, nor does Plaintiff establish she had a "reasonable belief" relating to a SOX or securities violation at the time of her allegations.   Second, Plaintiff's Complaint fails to allege her employer knew she participated in a protected activity, as she fails to allege she reported or expressed a belief regarding any SOX or securities violation to Cisco at

the time of her allegations.  As such, Plaintiff's allegations do not trigger or warrant protection under SOX and Plaintiff's Complaint cannot state a claim upon which relief can be granted, as required under Federal Rule of Civil Procedure 12(b)(6).  Plaintiff's Complaint should be dismissed.

## II.
## FACTUAL BACKGROUND[1]

Plaintiff's Complaint states Cisco hired Plaintiff as an Account Manager on October 24, 2005.[2]  Thereafter, in July 2013, she was promoted to Regional Manager.[3]  In or around August 2015, Plaintiff was transferred to a different department within Cisco, but retained her role as Regional Manager.[4]

Plaintiff contends that in December 2015, she participated in an "internal investigation" relating to "fraudulent accounting and financial reporting and other potentially unethical and illegal actions by Dave Serrano."[5]  Plaintiff does not specify her role or authority in the "investigation."  Plaintiff claims "Mr. Serrano was using side letters promising extra incentives, including free equipment, extra discount points, and other terms to the customer in return for revenue, having the effect that revenue or bookings were overstated and that revenue or bookings would be returned or debooked."[6]  Plaintiff's Complaint concludes "[t]his resulted in Cisco's results being overstated for the first fiscal quarter of 2016, which ended October 2, 2015, by approximately $900,000.00."[7]  Plaintiff additionally claims Lorie Riehs, a controller at Cisco,

---

[1]     For the purposes of this Motion only, Defendant assumes the facts as alleged in the Complaint.
[2]     P's Compl. ¶ 8.
[3]     *Id.* ¶  9.
[4]     *Id.* ¶ 10.
[5]     *Id.* ¶ 25.
[6]     *Id.* ¶ 26.
[7]     *Id.* ¶ 27.

stated in a December 2015 email that:  'Without appropriate review no actions were taken to defer bookings, Q1'16 overstated.'"[8]

Plaintiff's Complaint further states, "Plaintiff objectively and subjectively believed" (1) Mr. Serrano's conduct "violated laws, including securities laws;" (2) the conduct "resulted in misstated financial statements, false disclosures, and other false statements regarding Cisco's performance included in Cisco's public filings with the SEC and other public statements;" and (3) Mr. Serrano should be terminated.[9]  Plaintiff additionally avers her supervisor told her to "stop the investigation," and that she was "too aggressive" and "on a witch hunt."[10]

In the sole count of Plaintiff's Complaint, Plaintiff asserts she "participated and assisted in [an] investigation and reported facts to her supervisors in connection with that investigation."[11]  Plaintiff claims the conduct allegedly investigated "violates multiple provisions of securities laws including Section 10(b)," "Rule 10b-5," "Exchange Act Sections 13(b)(2)(A) and 13(b)(2)(B)," "mail and wire fraud statutes" and "Sarbanes Oxley."[12]  Plaintiff abruptly concludes, "even if the conduct at issue had not violated securities laws and other laws, [Plaintiff] reasonably – objectively and subjectively – believed it did, which is the required standard under Sarbanes Oxley."[13]

---

[8]    *Id.* ¶ 29.
[9]    *Id.* ¶¶ 30-32.
[10]   *Id.* ¶ 34.
[11]   *Id.* ¶ 57.
[12]   *Id.* ¶ 59.
[13]   *Id.*

# III.
# ARGUMENT AND AUTHORITIES

## A.   Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] Notwithstanding Federal Rule of Civil Procedure 8(a)(2)'s liberal pleading standard, "the complaint must contain either direct allegations or permit properly drawn inferences to support 'every material point necessary to sustain a recovery.'"[15]  Plaintiff's factual allegations must do more than show that recovery could be "a sheer possibility" or that Plaintiff's alleged facts are "merely consistent with a defendant's liability."[16]  "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."[17]

In reviewing the sufficiency of a pleading, a court should first separate the factual allegations of a claim from the legal ones.[18]  A court must only accept as true the factual allegations in the Complaint, but not the Complaint's legal conclusions.[19]  Once the factual assertions have been identified, a court must determine whether those factual assertions are sufficient to state a plausible claim for relief.[20]  "Factual allegations must be enough to raise a right to relief above the speculative level."[21]

When this analysis is applied to Plaintiff's Complaint, it is evident that Plaintiff has not stated a retaliation claim under Sarbanes-Oxley and her lawsuit should be dismissed.

---

[14]    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[15]    *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill,* 561 F.3d 377, 384 (5th Cir. 2009) (quoting *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1994)).

[16]    *Iqbal*, 556 U.S. at 684 (internal quotation marks and citation omitted).

[17]    *Twombly*, 550 U.S. at 555 n.3; *Highland Capital Management, L.P. v. Bank of America, N.A.,* 698 F.3d 202, 205 (5th Cir. 2012) ("A complaint is insufficient if it offers only 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action.'" (quoting *Twombly*, 550 U.S. at 555)).

[18]    *Iqbal*, 556 U.S. at 874-75.

[19]    *Id*.

[20]    *Id*.

[21]    *Twombly*, 550 U.S. at 555.

**B.    Plaintiff's Fails To Allege That She Participated In A Protected Activity Because She Does Not Allege  Her Complaint Definitely Or Specifically Relates To A Securities Law Violation, Or That She Reasonably Believed A Securities Law Violation Occurred.**

Sarbanes-Oxley does not protect individuals, like Plaintiff, who participate in a review of a single instance of a potential violation of a company's internal operational procedures.  Rather, it protects individuals who provide information or participate in an investigation relating to a violation of the securities laws to the U.S. Securities and Exchange Commission ("SEC"), supervisors, or persons with investigatory authority.  Plaintiff has made no such allegations to warrant protection under SOX.

To assert a claim under Section 806 of the SOX Act, codified as 18 U.S.C. § 1514A, a plaintiff must make a *prima facie* showing that:  (1) she engaged in protected activity; (2) the employer knew she engaged in the protected activity; (3) she suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action.[22] Section 806 states that employees engage in protected activity when they:

> [P]rovide information, cause information to be provided, or otherwise assist in an investigation regarding any conduct which the employee reasonably believes constitutes a violation of [18 U.S.C.] section 1341 [mail fraud], 1343 [wire fraud], 1344 [bank fraud], or 1348 [securities fraud], any rule or regulation of the Securities and Exchange Commission, or any provision of Federal law relating to fraud against shareholders, when the information or assistance is provided to or the investigation is conducted by [. . .] (C) a person with supervisory authority over the employee (or such other person working for the employer who has the authority to investigate, discover, or terminate misconduct) [. . .][23]

Not all work-related complaints constitute protected activity.  In the Fifth Circuit, in order to be considered a protected activity under SOX, "an employee's complaint must 'definitively and specifically' relate to one of six enumerated categories found in 18 U.S.C. § 1514A:"

---

[22]    *Allen v. Admin. Rev. Bd.*, 514 F.3d 468, 476 (5th Cir. 2008).
[23]    18 U.S.C. § 1514A(a)(1)(C).

(1) 18 U.S.C. § 1341 (mail fraud); (2) 18 U.S.C. § 143 (wire fraud); (3) 18 U.S.C. § 1344 (bank fraud); (4) 18 U.S.C. § 1348 (securities fraud); (5) any rule or regulation of the SEC; or (6) any provision of federal law relating to fraud against shareholders.[24][25]

Additionally, the Fifth Circuit focuses on "whether the employee *reported conduct* he or she *reasonably believes* constituted a violation of federal law."[26]   A court must analyze a plaintiff's "reasonable belief" that a violation occurred under both an objective and subjective standard.[27]   First, "The objective reasonableness of a plaintiff's belief is evaluated based on the knowledge available to a reasonable person in the same factual circumstances, with the same training and experience as the aggrieved employee."[28]   "The Fifth Circuit has equated the "objective reasonableness" standard to be used in Sarbanes-Oxley cases with the standard used in the Title VII retaliation context."[29]   Notably, in Title VII retaliation cases, the Fifth Circuit has concluded that the employee's belief that retaliatory conduct occurred was objectively

---

[24]   *Allen*, 514 F.3d at 476–77.

[25]   In 2011, after the Fifth Circuit's *Allen* decision, the Administrative Review Board ("ARB") relaxed the pleading standard for SOX whistleblower complaints in the administrative process and held that an employee engages in protected activity when reporting information she "reasonably believes" more generally relates to a violation of one of the SOX rules, regulations, or laws.  *Sylvester v. Parexel Int'l, LLC*, ARB Case No. 07-123 (May 25, 2011).  However, ARB decisions are not binding on United States district courts, and the Fifth Circuit has expressly declined to adopt the ARB's *Sylvester* standard:

> Wallace contends the district court erroneously required that protected communications "definitively and specifically" relate to one of the six enumerated SOX categories. ***The ARB at one time interpreted SOX retaliation protections to attach only if the employee's communications related "definitively and specifically to the subject matter of the particular statute under which protection is afforded."  We adopted that requirement*** in *Allen*, 514 F.3d at 476-77.  The ARB has since reconsidered the issue and interpreted SOX not to require that the communication definitively and specifically relate to one of the six SOX categories. ***We have not reconsidered the standard…***

*Wallace v. Tesoro Corp.*, 796 F.3d 468, 479 (5th Cir. 2015) (footnotes omitted, emphasis added).

[26]   *Wallace*, 796 F.3d at 149 ("[W]e have quoted with approval *Sylvester's* statement that SOX's 'critical focus is on whether the employee reported conduct that he or she reasonably believes constituted a violation of federal law.'"), quoting *Villanueva v. U.S. Dep't of Labor*, 743 F.3d 103, 109 (5th Cir. 2014).

[27]   *Allen*, 514 F.3d at 477.

[28]   *Crane v. Lithia TO, Inc.*, MO-13-CV-016, 2014 WL 11600907, at *7 (W.D. Tex. Sept. 3, 2014), aff'd, 612 Fed. Appx. 243 (5th Cir. 2015) (citing *Allen*).

[29]   *Id.*

unreasonable as a matter of law.[30] Second, to satisfy the subjective component, the employee must have "actually believed the conduct complained of constituted a violation of pertinent law."[31] As courts have emphasized, the protections offered under the SOX Act "were intended to include all good faith and reasonable reporting of fraud, and there should be no presumption that reporting is otherwise."[32]

Here, Plaintiff avers her participation "in an internal investigation regarding fraudulent accounting and financial reporting and other potentially unethical and illegal actions by Dave Serrano"[33] constituted a protected activity relating to alleged violations of two categories of federal law: (1) SEC Rules (specifically, securities laws Section 10(b), Rule 10b-5, Securities Exchange Act Sections 13(b)(2)(A) and 13(b)(2)(B))[34], and (2) "mail and wire fraud statutes."[35] As explained below, Plaintiff's Complaint is wholly insufficient to state a plausible claim for relief under the first *prima facie* element under SOX. Plaintiff fails to allege that her complaint definitively or specifically implicated SOX protections, or that she reasonably believed that the alleged conduct constituted a violation of federal law.

### 1. Plaintiff Has Not Plead An SEC Rules Violation Claim.

Plaintiff vaguely states Section 10(b) of the Securities Exchange Act, SEC Rule 10b-5, and Securities Exchange Act Sections 13(b)(2)(A) and 13(b)(2)(B) were violated by Serrano's conduct. However, Plaintiff alleges no facts, let alone definite and specific ones, that relate to any of these rules.

---

[30]     *See, e.g., Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 427–28 (5th Cir. 2000).
[31]     *Crane,* 2014 WL 11600907, at *5 (quoting *Day v. Staples, Inc*., 555 F.3d 42, 5 (1st Cir. 2009) and noting that a plaintiff's educational background and sophistication level are relevant to the subjective component).
[32]     *Id*. (citing *Sylvester v. Parexel Int'l, LLC,* ARB Case No. 07-123, 2011 WL 2165854, at *11 (May 25, 2011) (internal citations and quotations omitted).
[33]     P's Compl. ¶ 25.
[34]     *Id*. ¶ 59.
[35]     *Id*.

Claims under SEC Rule 10b-5 are authorized by Securities Exchange Act Section 10(b). To state a private claim under SEC Rule 10b-5, a plaintiff must allege the following: (1) a material misrepresentation or omission by the defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance upon the misrepresentation or omission; (5) economic loss; and (6) loss causation.[36]  Plaintiff simply has pled no facts that relate to or support a claim under Section 10(b) or Rule 10b-5.

Next, Plaintiff vaguely claims Serrano's conduct violated Section 13(b)(2)(A) and 13(b)(2)(B) of the Securities and Exchange Act, which require companies to "make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the issuer."[37]  To plead an allegation under Section 13(b), the employee must "reasonably believe that his or her employer acted with a mental state embracing intent to deceive, manipulate, or defraud its shareholders."[38]  Again, Plaintiff presents no factual allegations relating to these rules.  Plaintiff does not allege facts that demonstrate Serrano or Cisco did not comply with SEC accounting rules.  Plaintiff's bare assertion that Serrano was "using side letters promising extra incentives, including free equipment, extra discount points, and other terms to the customers in return for revenue, having the effect that revenue or bookings were overstated and that revenue or books would be returned or rebooked"[39] does not demonstrate Serrano's conduct implicated or related to a SEC or SOX violation.  Indeed, Plaintiff does not define "revenue" or "bookings" nor does she allege their relationship to shareholders' interest.  Further, Plaintiff's Complaint does not demonstrate the

---

[36]      *Stoneridge Inv. Partners, LLC v. Scientific–Atlanta, Inc.*, 552 U.S. 148, 157 (2008); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 641 (5th Cir. 2005).
[37]      15 U.S.C. § 78m(b)(2)(A).
[38]      *Wallace,* 796 F.3d at 481; *Allen*, 514 F.3d at 480.
[39]      *Id.* ¶ 26.

required mental state to "deceive, manipulate or defraud its shareholders."  Plaintiff's factual conclusions are insufficient, and fail to assert a relation to any SEC or SOX violation.

Moreover, even under the "reasonable belief" standard, Plaintiff's complaint cannot be saved with vaguely worded claims that she "objectively and subjectively believed Mr. Serrano's conduct violated laws, including securities laws."[40]  Plaintiff's claim that she investigated conduct that resulted in "misstated financial statements, false disclosures, and other false statements regarding Cisco's performance included in Cisco's public filings with the SEC and other public statements" is inadequate to state a claim that she engaged in protected activity when there is no context to explain how one salesperson's conduct violated any of the six enumerated factors of SOX protected activity.[41]  Indeed, Plaintiff does not define or specify the "misstated financial statements, false disclosures, and other false statements" she claims were implicated by Serrano and how they violate SEC or SOX regulations.  Besides a conclusory list of securities laws, Plaintiff has not (and cannot) allege that the conduct was explicitly prohibited by a certain federal statute or regulation or constituted shareholder fraud.  "'It may well be that a complainant's complaint concerns such a trivial matter,' in terms of its relationship to shareholder interests, 'that he or she did not engage in protected activity under [§ 1514A].'"[42]  Such is the case here.

At most, Plaintiff's allegations only establish a violation of internal company procedures, which are not protected under SOX or SEC rules.[43]  "A complaint about corporate efficiency is []

---

[40]   P's Compl. ¶ 30.
[41]   *Id.* ¶¶ 25, 31.
[42]   *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 222 (2d Cir. 2014) (citing *Sylvester*).
[43]   *See Day v. Staples Inc.*, 555 F.3d 42, 56 (1st Cir. 2009) (holding an employee's complaints about employees' inefficiencies relating to an employer's internal tracking and returns process were not complaints about securities fraud).

not within the protected protection of SOX" and "generalized allegation of inaccuracy in accounting is insufficient to establish a [. . .] reasonable belief in shareholder fraud."[44]

By presenting no facts relating to a SEC or SOX violation or demonstrating the alleged conduct's relationship to SEC or SOX regulations, Plaintiff has not shown she objectively or subjectively believed that such violations existed.  Consequently, Plaintiff has not demonstrated the violations "definitively or specifically" related to a SEC or SOX violation or that she held a reasonable belief she engaged in a protected activity.  Accordingly, this allegation should be dismissed.

### 2.      Plaintiff Has Not Plead A Mail Or Wire Fraud Claim.

To assert a claim for mail fraud under 18 U.S.C. § 1341, Plaintiff must allege:  (1) Cisco participated in some scheme or artifice to defraud; (2) the use of the mails "caused by" Cisco or someone associated with the scheme; and (3) the use of the mails to execute the scheme.[45]  This claim requires proof that "completion of the alleged scheme ... depend[ed] in some way on the information or documents that passed through the mail."[46]  The elements of a wire fraud claim under 18 U.S.C. § 1343 are identical to a mail fraud claim except the use of wire must be interstate.[47]

---

[44]      *Id.*; *see also Welch v. Cardinal Bankshares Corp.,* ARB Case No. 05–064, 2007 WL 1578493, at *10 (ARB May 31, 2007) (concluding that a complaint regarding inadequate internal financial controls does not constitute protected activity where there is no evidence that the deficient internal control system relates to federal securities laws); *Platone v. FLYI, Inc.,* ARB Case No. 04–154, 2006 WL 3246910, at *8 (ARB Sept. 29, 2006) (raising concerns about possible violations of internal union policy and how this might affect an airline's ability to collect a debt did not concern fraud against shareholders and therefore was not protected); *Marshall v. Northrup Gruman Synoptics,* ALJ Case No.2005–SOX–8, 2005 WL 4889013, at *3 (ALJ June 22, 2005) (concluding that allegation that certain expenses should have been charged to a different department merely demonstrated a grievance with internal company policy and was not protected activity); *Reddy v. Medquist, Inc.*, 2004–SOX-00035, 3-4 (ALJ June 10, 2004), aff'd, ARB Case No. 04-123, 2005 WL 4889002, at *5 (Sept. 30, 2005) (dismissing case where complaints concerned internal company policy as opposed to violations of federal law).
[45]      *United States v. Davis*, 752 F.2d 963, 970 (5th Cir. 1985).
[46]      *United States v. Ingles*, 445 F.3d 830, 835 (5th Cir. 2006).
[47]      *Smith v. Ayres*, 845 F.2d 1360, 1366 (5th Cir. 1988).

Nowhere in Plaintiff's Complaint does Plaintiff plead facts that would meet the elements of a mail fraud or wire fraud claim. Plaintiff's Complaint does not demonstrate any activity by Serrano was transferred through mail or wire. Further, Plaintiff does not allege that mail or wires were an essential step in Serrano's alleged scheme or violation, or that they were required to complete the alleged scheme or incidental to the scheme.[48] Finally, there is no allegation in the Complaint that states wire fraud or mail fraud were a part of the internal investigation. Plaintiff does not allege that she reported that the alleged conduct involved mail or wire. Simply stating "the conduct also violates mail and wire fraud statutes" is conclusory and falls drastically short of meeting the "definitely and specifically" standard required to warrant protection under SOX.

By presenting no facts relating to mail or wire fraud, Plaintiff has not shown she objectively or subjectively believed the mail or wires were involved. Consequently, Plaintiff has not demonstrated she held a reasonable belief she engaged in a protected activity relating to mail or wire fraud. This allegation should be dismissed.

## C. Plaintiff Has Not Alleged Cisco Knew She Engaged in a Protected Activity.

Section 806 requires an employee to "provide information ... regarding any conduct which the employee reasonably believes constitutes a violation," to "a person with supervisory authority over the employee (or such other person working for the employer who has the authority to investigate, discover, or terminate misconduct)."[49] To determine whether an employee made a protected communication, a court must look to what the employee actually communicated *at the time of the alleged violation*.[50] These allegations must look to the facts that

---

[48] *See Schmuck v. United State*s, 489 U.S. 705, 715 (1989) ("The relevant question at all times is whether the mailing is part of the execution of the scheme as conceived by the perpetrator at the time, regardless of whether the mailing later, through hindsight, may prove to have been counterproductive and return to haunt the perpetrator of the fraud.").

[49] 18 U.S.C. § 1514A(a)(l)(C).

[50] *Crane v. Lithia TO, Inc*., MO-13-CV-016, 2014 WL 11600907, at *7 (W.D. Tex. Sept. 3, 2014), aff'd, 612 Fed. Appx. 243 (5th Cir. 2015).

Plaintiff actually reported, and not merely arguments generated by counsel.[51]   "A would-be whistleblower must actually express [her] concerns in order for [her] activity to be considered protected."[52]

While Plaintiff's Complaint presents a list of rules she believes were violated, it contains no allegations that she *reported* or *expressed a belief to Cisco* that Serrano's conduct constituted violation of any SEC laws or constituted mail fraud or wire fraud.   At most, Plaintiff asserts she "*believed* Mr. Serrano's conduct violated laws, including securities laws," she "*believed* that the conduct she was investigated resulted in misstated financial statements, false disclosures, and other false statements regarding Cisco's performance included in Cisco's public filings with the SEC and other public statements," and she "*believed* Mr. Serrano should be terminated."[53] However, Plaintiff's alleged belief is insufficient to state a *prima facie* SOX whistleblower act, which requires "the employer *knew* [she] engaged in the protected activity."[54]   Following, Plaintiff's alleged belief is insufficient to meet Section 806's requirement that she *report* the alleged information to a person with supervisor authority.[55]   Plaintiff's allegation that she participated in a purported investigation is not sufficient—she must plead an actual report of a SOX-protected violation to a person with supervisory or investigative authority, and establish the employer had knowledge of her complaint or activity.[56]

---

[51]      *See Welch*, 536 F.3d at 276 (the relevant inquiry is what an employee actually communicated to his employer prior to the termination, not what is alleged in the complaint); *see also Platone*, ARB Case No. 04-154, 2006 WL 3246910, at *17 (same).

[52]      *Henrich v. Ecolab*, ARB Case No. 05-030, 2006 WL 6583249, at *7 (June 29, 2006); *see also Welch*, 536 F.3d at 276 (the relevant inquiry is what an employee actually communicated to her employer prior to the termination; it is not what is alleged in the complaint).

[53]      P's Compl. ¶¶ 30-32 (emphasis added).

[54]      *Allen*, 514 F.3d at 476 (emphasis added).

[55]      *See Crane v. Lithia TO, Inc*., MO-13-CV-016, 2014 WL 11600907, at *7 (W.D. Tex. Sept. 3, 2014), aff'd, 612 Fed. Appx. 243 (5th Cir. 2015) (holding a plaintiff's complaint failed to meet Section 806's standard because it did not contain allegations that plaintiff reported information of an alleged violation to a supervisor).

[56]      Similarly, Cisco argues that because Plaintiff did not present a SOX complaint during her employment, there is no possible way her termination could have been connected to a protected activity.   This further demonstrates Plaintiff's failure to establish a *prima facie* claim under Section 806.

At most, Plaintiff's Complaint makes an unsupported assertion that Serrano's conduct resulted in "Cisco's results being overstated for the [] first fiscal quarter of 2016" and vaguely cites a single sentence in an email, with no reference to its context or relation.  Besides her conclusory statement and a single, unexplained statement pulled from an email, Plaintiff makes no allegations that substantiates that FY2016 Q1 results were, in fact, overstated.[57][58]  Plaintiff's conclusions that FY2016 Q1 results were overstated do not demonstrate she engaged in any activity protected by SOX.  Plaintiff does not allege that she reported a SOX or SEC violation to a person with supervisory or investigative authority during the alleged violation.   Rather, Plaintiff's conclusory statements appear to merely be arguments proposed by counsel in an attempt to generate a SOX whistleblower claim.[59]  The relevant analysis is what an employee actually communicated at the time of the allegations, not what is alleged in the Complaint.[60]  Plaintiff's efforts fall short.

Even if Plaintiff points to her "investigation" as evidence that she engaged in a protected activity, Plaintiff does not specify her role in the investigation or that she ever expressed a belief the investigated conduct constituted a SOX or SEC violation.  For these reasons, Plaintiff fails to state a SOX whistleblower claim.[61]

---

[57]     P's Compl. ¶¶ 27, 29.
[58]     Plaintiff alleges a December 2015 email stated, "Without appropriate review no actions were taken to defer bookings, Q1'16 overstated."  P's Compl. ¶ 29.  Plaintiff does not attach the email, provide any context, or demonstrate that the email is proof of Plaintiff's allegation that FY2016 Q1 results were overstated.  Cisco asserts this email does not amount to proof that FY2016 Q1 results were overstated.
[59]     See Welch, 536 F.3d at 276 (the relevant inquiry is what an employee actually communicated to her employer prior to the termination; it is not what is alleged in the complaint).
[60]     Id.
[61]     See, e.g., Getman v. Admin. Rev. Bd., No. 07-60509, 2008 WL 400232, at *3 (5th Cir. Feb. 13, 2008) (holding that "[b]ecause . . . [plaintiff] never expressed a belief to any supervisor that [the alleged conduct] would violate any securities laws, we cannot read any protected activities into her behavior."); Vodopia v. Koninklijke Philips Elecs., No. 09-4767-cv, 2010 WL 4186469, at *3 (2d Cir. Oct. 25, 2010) (holding that communications relating to alleged fraud on the Patent Office, and potential invalidity of certain patents as a result, were not protected activity under Sarbanes-Oxley because they did not allege potential securities fraud, but only patent-related malfeasance); Day, 555 F3d at 56-57 (holding complaints relating to internal procedures and

Because Plaintiff makes no allegations that Cisco knew she engaged in a protected activity or that she reported a violation of securities law, mail fraud, or wire fraud, her Complaint fails to establish a *prima facie* SOX whistleblower claim.[62]   Plaintiff's Complaint should be dismissed as a matter of law.

## IV.
## CONCLUSION

Plaintiff's Complaint fails to establish a *prima facie* Sarbanes-Oxley whistleblower complaint, as required to state a claim under Section 806 of the Sarbanes-Oxley Act and Federal Rule of Civil Procedure 12(b)(6).  For this reason, Plaintiff's Complaint should be dismissed in its entirety.

## V.
## PRAYER

WHEREFORE, Defendant Cisco Systems, Inc. prays that its Motion to Dismiss Plaintiff's Original Complaint and Jury Demand be granted, the Complaint be dismissed with prejudice, and for such further relief, at law and at equity, to which Defendant may be justly entitled.

---

generalized allegations of accounting inaccuracies are insufficient to establish a reasonable belief of shareholder fraud and fail to state a SOX whistleblower claim).

[62]     *See Crane v. Lithia TO, Inc.*, MO-13-CV-016, 2014 WL 11600907, at *7 (W.D. Tex. Sept. 3, 2014), aff'd, 612 Fed. Appx. 243 (5th Cir. 2015) (dismissing a plaintiff's complaint for failure to meet Section 806's reporting requirement, which would constitute a protected activity).

Dated:  October 30, 2017                    Respectfully submitted,


                                            /s/ Earl M. (Chip) Jones, III
                                            Earl M. (Chip) Jones, III
                                            Texas State Bar No. 00790982
                                            ejones@littler.com
                                            Victoria Nsikak
                                            Texas State Bar No. 24077487
                                            vnsikak@littler.com

                                            LITTLER MENDELSON
                                            A Professional Corporation
                                            2001 Ross Avenue
                                            Suite 1500, Lock Box 116
                                            Dallas, TX 75201-2931
                                            (214) 880-8100
                                            (214) 880-0181 (Facsimile)

                                            ATTORNEYS FOR RESPONDENT
                                            CISCO SYSTEMS, INC.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 30, 2017 I electronically filed this document with the clerk of court for the U.S. District Court, Southern District of Texas, using the Electronic Case Filing System of the Court.  The Electronic Case Filing System sent a Notice of Electronic Filing to the following counsel of record, who has consented in writing to accept service of this document by electronic means:

Stephanie S. Cleveland, Esq.
LAW OFFICE OF STEPHANIE S. CLEVELAND
2591 Dallas Parkway, Suite 300
Frisco, TX  75034
scleveland@cleveland-law.com

*Earl M. (Chip) Jones, III*
Earl M. "Chip" Jones, III

Firmwide:150705319.5 052570.9003

- 16 -